UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM ROMANOWICZ, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: |
| INTEGRATED COMPONENT BUILDINGS, INC., | : COMPLAINT AND JURY DEMAND |
| Defendant. | : |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, ADAM ROMANOWICZ ("Romanowicz" or "Plaintiff"), brings this complaint in the United States District Court for the Northern District of Illinois against INTEGRATED COMPONENT BUILDINGS, INC. ("Integrated" or "Defendant"), alleging as follows:

PARTIES

1. Romanowicz is an experienced commercial photographer with over twenty years of experience and specializing in travel and landscape photography. Romanowicz's work is regularly featured on television shows, calendars, magazines, store displays, and websites. Romanowicz resides in Bloomingdale, Illinois.

2. On information and belief, Defendant is a Corporation existing under the laws of the State of Illinois, with headquarters in Chicago, Illinois. Defendant owns, operates, and is solely responsible for the content on its commercial website, www.icbsmidwest.com.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

4. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

5. Defendant is subject to personal jurisdiction in Illinois.

6. This Court has personal jurisdiction over Defendant, and venue in this District is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

7. Plaintiff captured the photograph, "Downtown Chicago Aerial Black and White" ("Copyrighted Photograph") on July 16, 2013. [Exhibit 1]. Plaintiff captured Copyrighted Photograph using great technical skill and careful timing, as well as significant time and energy. Plaintiff rented a private helicopter and hired a pilot in order to capture Copyrighted Photograph.

8. On March 28, 2014, Plaintiff posted Copyrighted Photograph to www.flickr.com/photos/13573544@N02/15681036444 (Last visited May 31, 2020). [Exhibit 2].

9. Plaintiff registered Copyrighted Photograph with the United States Copyright Office on May 20, 2016 (Registration No.: VA 2-027-837). [Exhibit 3].

10. Beginning on or about August 1, 2018, Defendant copied and posted Copyrighted Photograph to the Defendant's commercial website, www.icbsmidwest.com (Last visited October 18, 2018). [Exhibit 4].

11. Defendant used Copyrighted Photograph as a full-page, full-bleed image on their website homepage. [Exhibit 4].

12. Defendant copied and posted Copyrighted Photograph without license or permission from Plaintiff.

## COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

13. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

14. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photograph, which is the subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights.

15. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Photograph to the public.

16. Plaintiff is informed and believes Defendant, without the permission or consent of Plaintiff, copied and used Copyrighted Photograph on Defendant's commercial website, www.icbsmidwest.com. In doing so, Defendant violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

17. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

18. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual or statutory damages, including any profits realized by Defendant attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendant's infringement of Copyrighted Photograph.

<u>COUNT II: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. § 1202</u>

19. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, provided copyright information management information that was false, as well as intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph before displaying Copyrighted Photograph on Defendant's public website, www.icbsmidwest.com. In doing so, Defendant violated 17 U.S.C. § 1202(a)(1) and (b)(1).

20. As a result of Defendant's actions, Plaintiff is entitled to actual or statutory damages pursuant to 17 U.S.C. § 1203(c). Plaintiff is further entitled to their attorney's fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyright or such damages as are proper, and since Defendant intentionally infringed Plaintiff's copyright, for the maximum allowable statutory damages for each violation;

D. Awarding Plaintiff actual and/or statutory damages for Defendant's copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff his costs, reasonable attorney's fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: June 1, 2020

__/s/__David C. Deal_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
david@daviddeal.com
*Counsel for Plaintiff*